JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | EDCV 11-276 JVS (DTBx) | Date   February 18, 2011 |
| Title | Deutsche Bank National Trust Company v. Salazar | |

| | | |
|---|---|---|
| Present: The Honorable | James V. Selna | |
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(In Chambers)**   **Order Remanding Action to the Superior Court of the State of California for the County of Orange**

On February 16, 2011, Salvador and Norma Salazar ("Salazars") removed this case from the Superior Court of the State of California for the County of Riverside. (Docket No. 1.)  They removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), and the civil rights jurisdiction statute, 28 U.S.C. § 1443(1).  (Notice of Removal, ¶¶ 31, 67.)

The Court has reviewed the jurisdictional allegations and has considered other possible bases for jurisdiction in light of the facts pled in the Complaint and the Notice of Removal.  The Court finds no basis for jurisdiction and now remands the case.

Federal Question Jurisdiction.

The Court must determine jurisdiction on the basis of the case removed.  The underlying action is an unlawful detainer action.  No federal claims are asserted (28 U.S.C. § 1331).  Federal defenses or federal counterclaims provide no basis to remove an action which does  not otherwise establish federal jurisdiction.  See  Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust, 643 U.S. 1, 10 (1983); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998).  There is no basis for federal question jurisdiction.

Diversity Jurisdiction.

Neither the Notice of Removal nor the underlying complaint establishes that

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-276 JVS (DTBx) | Date | February 18, 2011 |
|---|---|---|---|

| Title | Deutsche Bank National Trust Company v. Salazar |
|---|---|

the parties are diverse, as required by 28 U.S.C. § 1332(a)(1). In any event, it is apparent that the amount of relief sought is less than the jurisdictional minimum of $75,000. The face of the Complaint states that the amount of claimed damages is less than $10,000. The Salazars argue that their residence is worth more than $75,000. (Notice of Removal, ¶¶ 9, 19.) However, the issue in the unlawful detainer is not ownership but possession and possibly any right to hold-over rent. There is no basis for diversity jurisdiction.

Civil Rights Jurisdiction.

The Salazars primarily assert jurisdiction on the basis of alleged civil rights violations, pursuant to 28 U.S.C. § 1443(1).

"A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)." Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). In order to satisfy the first part of the test, petitioners must assert as a defense "'rights that are given to them by explicit statutory enactment protecting equal racial civil rights.'" Id. at 999 (citing CA v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). The statutory enactment must provide "'for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 220 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). To satisfy the second part of the test, "'petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" Patel, 446 F.3d at 999 (quoting Sandoval, 434 F.2d at 636). "Bad experiences with the particular court in question will not suffice." Sandoval, 434 F.2d at 636 (citing Rachel, 384 U.S. at 794-804; Peacock, 384 U.S. at 827-28).

At a minimum, the Salazar cannot meet the second leg of the Johnson test. The Salazars have not supported their allegation of discrimination "'by reference to a state statute or constitutional provision'" that commands state courts to ignore his federal rights. Patel, 446 F.3d at 999 (quoting Sandoval, 434 F.2d at 636). The Salazar have listed statutes irrelevant to this action and stated they were enacted with express discriminatory intent and effect. (Notice of Removal, ¶ 33.) An alleged discriminatory

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-276 JVS (DTBx) | Date | February 18, 2011 |

| | |
|---|---|
| Title | Deutsche Bank National Trust Company v. Salazar |

intent behind the enactment of the inapplicable statutes mentioned[1] does not translate to a specific statute or constitutional provision commanding state courts to ignore his federal rights. Johnson, 421 U.S. at 220.

The Salazars indicate that this alleged violation of his civil rights resulted in his inability to bring evidence regarding the propriety of the foreclosure proceedings. (Notice of Removal, ¶¶ 28, 30.)  In addition to the reasons stated above, this is an insufficient basis for removal under § 1443(1) because Salazar's negative experiences in state court will not suffice to meet the requirements for removal.  Sandoval, 434 F.2d at 636 (citing Rachel, 384 U.S. at 794-804; Peacock, 384 U.S. at 827-28).

The Salazars have not satisfied the test allowing for removal from state to federal court under 28 U.S.C. § 1443(1).

The case is remanded to the Superior Court of the State of California for the County of Riverside for lack of jurisdiction.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

[1] The Salazars assert California Civil Code § 2924 is unconstitutional because it violates equal protection.  (Notice of Removal, ¶¶ 33, 36.)